WILLIAM D. McCANN (State Bar No. 51902)
P.O. Box 1159
Danville, CA 94526
wdmccann@aol.com
Telephone (925) 455-3876
Fax No. (925) 455-3878

Attorney for Plaintiff PATMONT MOTOR WERKS

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

PATMONT MOTOR WERKS,
INC., a California Corporation,

    Plaintiff,

v.

DEAN MARO, an individual, and dba
SANTA CRUZ SCOOTER WORKS,
and PIPELYNE MANUFACTURING

    Defendants.
_____/

CASE NO. C 02 5583

**COMPLAINT FOR INFRINGEMENT OF PATENTS, DAMAGES, INJUNCTION, AND ATTORNEYS FEES**

PATMONT MOTOR WERKS, INC. (herein "Plaintiff"), for its Complaint herein against Defendants, states as follows:

## ALLEGATIONS

1. Plaintiff is a corporation organized and existing under the laws of the State of California, with its principal office in Livermore, California.

2. Defendant DEAN MARO, dba Santa Cruz Scooter Works and Pipelyne Manufacturing, Plaintiff is informed and believes, is an individual conducting the noted dba's as sole proprietorships with his principle place of business in the Santa Cruz, County of Santa Cruz, California.

3. This action arises under the patent laws of the United States of America and more particularly under 35 U.S.C. 271, 281, 283, 284, and 285 and the Court has jurisdiction by virtue of 28 U.S.C. 1336 (a). Venue is proper under 28 U.S.C. 1400 (b) in so far as Defendant has sold infringing products within the geographical boundaries of this Judicial District, and has principle offices therein.

4. Plaintiff is a manufacturer of high quality motorized scooters, as well as accessories for said motorized scooters, and safety equipment for said motorized scooters.

5. Plaintiff traces its origin back to 1986 when Steven J. Patmont founded the company.

6. Plaintiff is one of the largest manufacturers of high-quality motorized scooters in the world with advertising in sales activities which extends throughout the world.

7. On or about December 5, 1995 United States Letter Patent No. DES 364,845 (The Design Patent) which was lawfully issued to Plaintiff, as assignee of a Molded Gas Tank and Plaintiff is the record owner of such patent.

8. On or about April 10, 2001 United States Utility Patent No. 6,213,561,B1 (The Utility Patent) which was duly and legally issued to plaintiff for an invention to cover a front caliper braking system for a small collapsible motorized scooter. Since that date plaintiff has been and still is the owner of this patent.

## COUNT I
### (Patent Infringement)

Plaintiff restates and re-alleges Paragraphs 1 through 8 of the complaint inclusive, herein.

9. Defendant has for a long time been and still is infringing (The Utility Patent) by making, selling, and using scooters embodying the patented inventions, and will continue to do unless enjoined by this court.

10. Plaintiffs are informed and believe, and therefore allege, that within the past year, defendant has been and still is infringing the claims The Utility Patent cited supra in the Northern District of California and elsewhere in the United States by selling scooters identical to those manufactured by Plaintiff, without leave or license of plaintiffs herein and in violation of

COMPLAINT FOR INFRINGEMENT OF PATENTS, DAMAGES, INJUNCTION, AND ATTORNEYS FEES

Plaintiff's rights, and that Defendants will continue the acts of infringement unless enjoined by the Court. Such infringement is deliberate, intentional, willful, and with full knowledge of the existence and validity of plaintiff's patents.

11. Plaintiff has placed the required statutory notice on all scooters manufactured and sold by it under said Letters Patent, and has given written notice to defendant of the said infringement, requesting that Defendant cease and desist but he refuses to do so, and his infringement is therefore willful within the purview of 35 U.S.C. 285 making this an exceptional Case.

## COUNT II
### (Patent Infringement)

Plaintiff restates and realleges Paragraphs 9 through 11 of the complaint inclusive, herein.

12. Defendant has for a long time been and still is infringing (The Design Patent) by making, selling, and using scooters embodying the patented inventions, and will continue to do unless enjoined by this court.

13. Plaintiffs are informed and believe, and therefore allege, that within the past year, defendant has been and still is infringing the claims The Design Patent cited supra in the Northern District of California and elsewhere in the United States by selling scooters identical to those manufactured by Plaintiff, without leave or license of plaintiffs herein and in violation of Plaintiff's rights, and that Defendants will continue the acts of infringement unless enjoined by the Court. Such infringement is deliberate, intentional, willful, and with full knowledge of the existence and validity of plaintiff's patents.

14. Plaintiff has placed the required statutory notice on all scooters manufactured and sold by it under said Letters Patent, and has given written notice to defendant of the said infringement, requesting that Defendant cease and desist but he refuses to do so, and infringement is therefore willful within the purview of 35 U.S.C. 285 making this an exceptional case.

WHEREFORE, Plaintiff prays:

1. For an Order requiring Defendants to show cause, if any they have, why they should not be enjoined as hereinafter set forth during the pendency of this action.

2.      For a temporary restraining order, preliminary injunction, and permanent injunction requiring Defendants and their agents, servants and employees, and all persons acting under and in concert with them to refrain from infringing the said patents.

3.      That plaintiff be awarded its attorneys' fees, as provided by 35 U.S.C. 285.

4.      That Plaintiff be awarded Defendant's profits arising from infringement of the Noted Design Patent as provided by 35 U.S.C. 289

5.      That Plaintiff be awarded its costs and such other and further relief as the Court deems proper in the premises.

Dated: November 21, 2002

WILLIAM D. McCANN
Attorney for Plaintiff Patmont Motor Werks, Inc.

COMPLAINT FOR INFRINGEMENT OF PATENTS, DAMAGES, INJUNCTION, AND ATTORNEYS FEES