Case5:02-cv-05583-HRL Document2 Filed11/25/02 Page1 of 3

WILLIAM D. McCANN (State Bar No. 51902)
P.O. Box 1159
Danville, CA 94526
wdmccann@aol.com
Telephone (925) 455-3876
Fax No. (925) 455-3878

E-filing

Attorney for Plaintiff PATMONT MOTOR WERKS



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

C 02 5583

| | |
|---|---|
| PATMONT MOTOR WERKS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEAN MARO, an individual, and dba SANTA CRUZ SCOOTER WORKS, and PIPELYNE MANUFACTURING<br><br>Defendants. | CASE NO.<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

### FACTUAL BACKGROUND

Plaintiff Patmont Motor Werks, Inc., (hereinafter PMW) is a California based manufacturer of high quality portable, collapsible, motorized scooters.

Defendant Dean Maro, dba Santa Cruz Scooter Works and/or Pipelyne Manufacturing Company (hereinafter Maro) is a manufacturer of motorized scooters.

On or about November 1, 2002 Plaintiff became aware that Defendant Maro offered for sale on his website a competing portable scooter, aptly named the THRASHER, containing components which infringed two United States Patents owned by Plaintiff PMW.

Specifically, Defendant Maro has constructed scooters with a gas tank identical in design to a gas tank protected by United States Design Patent Des. 364,845.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

-1-

The THRASHER scooter features a front wheel caliper braking system identical to one protected by United States Utility Patent No.: 6,213,561 B1.

Defendant Maro is advertising said infringing scooters for sale by means of a Website, www.santacruzscooterworks.com.

## LAW GERMANE TO THE FACTS OF THE CASE AND EVIDENCE PRESENTED

This Court has Federal subject matter jurisdiction over this case, and venue is proper in this district because infringing acts are occurring in this District.

35 U.S.C. 283 provides for injunctions in patent cases. The propriety of an injunction in any particular patent infringement case is governed by the standard provided by the Ninth Circuit Court of Appeals in *Sega Enterprises v. Accolade Inc.*, 977 F.2d 1510 (9th Circuit 1992), to wit, irreparable harm.

Irreparable harm may inhere in the denial of a preliminary injunction thereby giving potential infringers encouragement to perpetuate the harm. See, for example, *Atlas Powder v. Ireco Chemicals*, 773 F.2d 1230 (9th Circuit 1985).

The evidence set forth in the Declaration of Steven J. Patmont is:

a. That the subject patents are owned by Plaintiff PMW, of which he is the President.

b. That Defendant Maro's scooters infringe both patents in that the copied patentable elements are identical to the same elements in PMW's scooters.

c. That United States Design Patent Des. 364,845 has received prior validation by a Federal Court in this State, to wit, *Patmont Motor Werks, Inc., v. Kenen Industries*, Civil Action Number CV 97-7377-GHK (MANx).

d. That Plaintiff PMW will suffer irreparable harm unless injunctive relief is granted against Defendant Maro because:

    i. Damages are inadequate to compensate for the dilution of intellectual properties right these infringements represent, and;

    ii. Consumer confusion has been created as between PMW products and Maro's scooters as a result of the infringements, and;

   iii. Unless injunctive relief is granted, other potential infringers will be encouraged to perpetuate the harm already inflicted by Defendant Maro.

 Counsel has properly and timely notified Maro of the application for Ex Parte Equitable relief both by FAX United Parcel Services Overnight as required by the Local Rules. See, Declaration of William D. McCann accompanying this memorandum.

 It is urgently requested that the relief sought be granted.

Dated: November 2\_\_, 2002       Respectfully submitted,

                  _____
                  William D. McCann
                  Attorney for Plaintiff, PATMONT MOTOR WERKS